**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GLOBAL DISTRIBUTION NETWORK LLC** | \| |
| **Plaintiff,** | \| |
| | \| **CIVIL ACTION NO.** |
| **v.** | \| |
| | \| **JURY TRIAL DEMANDED** |
| **SKULL SHAVER, LLC** | \| |
| **Defendant.** | \| |

## COMPLAINT

Global Distribution Network LLC by and through its counsel, Design IP, P.C., allege the following:

## PARTIES

1. Plaintiff Global Distribution Network LLC ("GDN") is a Commonwealth of Pennsylvania limited liability company having a place of business at 256 Cobblestone Lane, Bethlehem, PA, 18020.

2. GDN previously operated under the fictitious name "Freedom Grooming".

3. GDN currently operates under the fictitious name "Freebird".

4. On information and belief, Defendant Skull Shaver, LLC ("Skull Shaver") is a limited liability company of New Jersey, having a principal place of business at 1503 Glen Avenue, Suite 601, Moorestown, NJ 08057.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S. Code § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between citizens of different States. 28 U.S.C. § 1332(a).

6. This Court has specific and general jurisdiction over Skull Shaver because Skull Shaver systematically and continuously directs business activities toward and into this District through sales, marketing, and advertising.

7. Venue is proper in this District because (i) a substantial part of Skull Shaver's unlawful course of conduct giving rise to this claim occurred and continues to occur in this District; and (ii) Skull Shaver is subject to personal jurisdiction in this District.

8. This Court has jurisdiction over this action under 28 U.S. Code § 1338(a) to enforce the terms of a Settlement Agreement and License dated August 23, 2021 ("Settlement Agreement") entered into by the parties in the matter *Skull Shaver, LLC v. Freedom Grooming*, No. 5:20-cv-03670-JFL (July 28, 2020, E.D. Pa.) (the "2020 Lawsuit").

9. This Court has personal jurisdiction over Skull Shaver because Skull Shaver has consented to personal jurisdiction in this District in connection with any cause of action arising out of the Settlement Agreement.

10. Venue is proper in this District because Skull Shaver has consented to venue in this District in connection with any cause of action arising out of the Settlement Agreement.

## FACTUAL ALLEGATIONS

11. Skull Shaver is in the business of selling electric shaving products.

12. GDN is engaged in the business of selling, *inter alia*, electric shaving products.

13. On July 28, 2020, Skull Shaver initiated the 2020 Lawsuit by filing a Complaint in this District (attached as Exhibit A) alleging GDN infringed U.S. Patent No. D672,504 by making, using, selling, and/or offering for sale its FlexSeries® shaver.

14. On October 19, 2020, Skull Shaver filed an Amended Complaint in the 2020 Lawsuit, alleging GDN infringed U.S. Patent No. D672,504 and U.S. Patent No. 8,726,528 by making, using, selling, and/or offering for sale its FlexSeries® shaver. A copy of the Amended Complaint is attached as Exhibit B and a copies of U.S. Patent No. D672,504 and U.S. Patent No. 8,726,528 are attached as Exhibits C and D, respectively.

15. On August 20, 2021, GDN and Skull Shaver entered into the Settlement Agreement.

16. The Settlement Agreement resolved all of the parties' claims and counterclaims in the 2020 Lawsuit.

17. Due to its confidentiality provisions, the Settlement Agreement is not provided with this Complaint but will be the subject of a motion to file under seal pursuant to Local Rule of Civil Procedure 5.1.2.

18. On August 20, 2021, an Order was entered in the 2020 Lawsuit dismissing the action with prejudice (the "August 20, 2021 Order"; copy attached as Exhibit E).

19. Pursuant to the August 20, 2021 Order, the Settlement Agreement was "approved and made a part of the record and [the] Order for enforcement purposes...".

20. Pursuant to the August 20, 2021 Order, this Court retained jurisdiction to effectuate the terms of the Settlement Agreement.

21. This District is the exclusive jurisdiction and venue for resolving disputes between the parties concerning the terms of the Settlement Agreement.

22. On October 2, 2024, Skull Shaver filed a Complaint in the United States District Court for the District of New Jersey alleging that GDN has infringed U.S. Patent No. 8,726,528, U.S. Patent No. D914,290, and U.S. Patent No. D672,504 by making, using, selling, and/or

offering to sell its FlexSeries® Pro shaver, *Skull Shaver, LLC v. My Free Bird*, No. 1:24-cv-09586 (DNJ) ("the 2024 Lawsuit"). A copy of the Complaint is attached as Exhibit F and a copy of U.S. Patent No. D914,290 is attached as Exhibit G.

## COUNT I – BREACH OF CONTRACT

23. GDN incorporates by reference the previous paragraphs of this complaint as if fully set forth herein.

24. The Settlement Agreement is valid and enforceable.

25. GDN has complied with all contractual obligations of the Settlement Agreement.

26. GDN's FlexSeries® Pro shaver is an updated/improved version of the FlexSeries® shaver.

27. GDN's FlexSeries® Pro shaver does not include a plurality of finger-sized convex recesses formed in the bottom surface of the shaver housing and located between the housing and a cutting head.

28. GDN's FlexSeries® Pro shaver is covered by a license granted by Skull Shaver to GDN under the Settlement Agreement.

29. U.S. Patent No. 8,726,528, U.S. Patent No. D914,290, and U.S. Patent No. D672,504 are each patents that Skull Shaver had an ownership interest in as of the Effective Date of the Settlement Agreement.

30. U.S. Patent No. 8,726,528, U.S. Patent No. D914,290, and U.S. Patent No. D672,504 were each issued patents as of the Effective Date of the Settlement Agreement.

31. U.S. Patent No. 8,726,528, U.S. Patent No. D914,290, and U.S. Patent No. D672,504 are within the scope of the license granted by Skull Shaver under the Settlement

Agreement.

32. The 2024 Lawsuit constitutes breach of Skull Shaver's covenant not to sue obligations under the Settlement Agreement.

33. GDN has suffered damages and will continue to suffer harm from Skull Shaver's breach.

34. GDN has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, GDN respectfully requests entry of a final judgment:

(a) Permanently enjoining Skull Shaver, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce any patent or pending patent application owned by Skull Shaver as of the Effective Date of the Settlement against GDN or any parents, affiliates, customer, or subsidiaries of GDN or their respective officers, agents, employees, successors, and assigns, in connection with the making, selling, offering for sale, or importing of GDN's FlexSeries® Pro shaver;

(b) Awarding GDN damages in its favor and against Skull Shaver in an amount exceeding Seventy-Five Thousand Dollars ($75,000) plus interest and costs of suit; and

(c) Awarding GDN any other relief, in law and in equity, to which the Court finds it is justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff GDN hereby demands a trial by jury on all issues so triable.

        Respectfully submitted,

        DESIGN IP, A PROFESSIONAL CORPORATION

Date:  December 20, 2024    s/Damon A. Neagle
        Damon A. Neagle (PA ID 90738)
        Design IP, A Professional Corporation
        1575 Pond Road, Suite 201
        Allentown, PA 18104
        Phone:  610-395-4900
        E-mail:  damonneagle@designip.com
        *Attorneys for Plaintiff*